**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **CLAUDE JORDAN,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Case No. 5:25-cv-488-CAR-CHW** |
| | : | |
| **SHERIFF MOTTEN,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## ORDER AND RECOMMENDATION

Presently pending before the Court is a Complaint filed by *pro se* Plaintiff Claude Jordan, an inmate currently confined at the Houston County Detention Center in Perry, Georgia (ECF No. 1).  The complaint filed in *Jordan v. Bostick*, Case No. 5:25-cv-537-MTT-ALS (M.D. Ga. Dec. 10, 2025), was also docketed as an amended complaint in this case (ECF No. 5).  Plaintiff also seeks leave to proceed *in forma pauperis* ("IFP") (ECF Nos. 2, 6) and has filed a motion for a protective order or temporary restraining order (ECF No. 4).

For the following reasons, Plaintiff's motions to proceed IFP are **GRANTED**, and his claims against Defendant Kendal regarding his food allergies must proceed for further factual development.  It is **RECOMMENDED**, however, that Plaintiff's remaining claims be **DISMISSED without prejudice.**   It is also **RECOMMENDED** that Plaintiff's motion for a protective order or temporary restraining order (ECF No. 4) be **DENIED.**

**MOTION TO PROCEED IFP**

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). After reviewing Plaintiff's submissions, it appears that Plaintiff is not presently able to pay the cost of commencing this action. Plaintiff's motions to proceed IFP (ECF Nos. 2, 6) are therefore **GRANTED**.

However, even if a prisoner is allowed to proceed IFP, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions also indicate that he is unable to pay an initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

## I.      Directions to Plaintiff's Custodian

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The clerk of court is **DIRECTED** to send a copy of this Order to the prison where Plaintiff is currently incarcerated. It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody,

2

and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full.  28 U.S.C. § 1915(b)(2).   In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.   It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## II.   Plaintiff's Obligations Upon Release

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA.  Thus, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated.   The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments.   Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

3

**PRELIMINARY SCREENING**

### I.      Standard of Review

The PLRA directs courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee.   28 U.S.C. § 1915A(a).   "*Pro se* filings are generally held to a less stringent standard than those drafted by attorneys and are liberally construed."   *Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020) (citation omitted).   Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."   28 U.S.C. § 1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact."   *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citations omitted).   On preliminary review, the Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless."   *Id*. (citations omitted).   A claim can be dismissed as malicious if it is knowingly duplicative or otherwise amounts to an abuse of the judicial process.   *Daker v. Ward*, 999 F.3d 1300, 1308, 1310 (11th Cir. 2021) (affirming dismissal of duplicative complaint "in light of [prisoner's] history as a prolific serial filer").

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   "Factual allegations [in a complaint] must be enough to raise a right to relief above the

speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).   In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim.   *Id*. at 556.   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."   *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law.   *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal.   *See, e.g.*, *Bingham v. Thomas*, 654 F.3d 1171, 1176-77 (11th Cir. 2011) (affirming dismissal of certain claims at preliminary screening because prisoner failed to allege sufficient facts to show a violation of his rights), *abrogated on other grounds by Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc).

## II.    Factual Allegations

Plaintiff's claims appear to arise from his arrest and subsequent incarceration in Houston County, Georgia, in September of 2025.   ECF No. 1 at 5.   Plaintiff contends he was "false[l]y arrested and kidnap[p]ed by a Houston Co. Sheriff Officer" and booked into the jail.   *Id.*   Plaintiff contends the warrant for his arrest was illegal because it "ha[d] no seal from no judge or sheriff of this county."   *Id.*   In connection with this claim, Plaintiff names the investigating officer, Detective Kimberly Morton; Judge Angela W. Sammons,

whose "stamp signature" was on the arrest warrant; Terri L. Childers, the clerk of court; and Sheriff Cullen Talton. *Id.* at 10. Plaintiff also alleges that Judge Amy Smith improperly gave him a $2500 bond and that Sheriff Motten was "responseable for his staff for wrong doing [sic]." ECF No. 5 at 11.[1]

Plaintiff also contends that he has been denied adequate medical treatment at the jail. ECF No. 1 at 6. Plaintiff suffers from a hernia which causes him chronic pain and for which he states he requires surgery. *Id.* Plaintiff also contends that he "lost about ten pounds" in approximately a month due to the pain from the hernia and because he is allergic to grits, milk, and corn and therefore cannot eat some of the food the jail serves. *See id.* Plaintiff contends Defendant Kendal, the jail's doctor, "denied [him] all [his] medical treatment." *Id.* at 10. In addition, Plaintiff contends Defendants Sandiego, "O," and Bostic, all of whom are officers at the jail, did not open his cell door during pill call on several occasions, preventing him from obtaining unspecified medication. ECF No. 5 at 4-5. Plaintiff claims Defendants Sandiego and Bostic each missed providing Plaintiff's medication on one occasion, and Defendant "O" missed providing Plaintiff's medication on two occasions. *Id.*

Plaintiff thus contends Defendants violated his constitutional rights, and as a result he seeks monetary damages. ECF No. 1 at 11; ECF No. 5 at 13.

---

[1] It is unclear whether "Sheriff Motten" is actually Sheriff Talton or some other individual entirely. It is also unclear for which Defendants Plaintiff is contending Sheriff Motten was responsible.

### III.   Plaintiff's Claims

The allegations in Plaintiff's pending complaints give rise to two distinct sets of claims: claims regarding the medical treatment he is receiving in the jail, and claims related to his arrest and the court proceedings against him.   The Court addresses each set of claims in turn.

#### A.  Medical Treatment Claims

##### 1.  Claims against Defendant Kendal

Plaintiff first contends that Defendant Kendal failed to provide him with adequate medical treatment.   A prison official who is deliberately indifferent to an inmate's serious medical needs violates the Eighth Amendment to the United States Constitution.   *See Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003).   To state an actionable claim in this context, a plaintiff must allege facts sufficient to establish: "(1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury."   *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306-07 (11th Cir. 2009).

The first element is objective and requires a plaintiff to set forth a "serious medical need," which is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."   *Farrow*, 320 F.3d at 1243 (internal quotation marks omitted).   A serious medical need can also arise if "a delay in treating the need worsens the condition."   *Mann,* 588 F.3d at 1307.   "In either case, 'the medical need must be one that, if left unattended, poses a substantial risk of serious harm.'"   *Id.* (quoting *Farrow*, 320 F.3d at 1243).

7

Establishing the second element—deliberate indifference—requires a plaintiff to plausibly allege that the defendant: (1) "was subjectively aware that the inmate was at risk of serious harm"; (2) "disregarded that risk"; and (3) "acted with 'subjective recklessness as used in the criminal law.'" *Wade*, 106 F.4th at 1255 (quoting *Farmer v. Brennan*, 511 U.S. 825, 839 (1994)). "Subjective recklessness" requires the defendant to be "actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff," although a defendant cannot be held liable for a constitutional violation if he responds reasonably to a risk of which he is aware. *Id.* at 1262.

The final element simply requires "that a defendant have a causal connection to the constitutional harm." *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1327 (11th Cir. 2007). "[A]s with any tort claim, [plaintiff] must show that the injury was caused by the defendant's wrongful conduct." *Id.* at 1326. "Causation, of course, can be shown by personal participation in the constitutional violation." *Id.* at 1327.

Plaintiff first suggests Defendant Kendal failed to adequately treat his hernia. It is not altogether clear that Plaintiff's hernia amounts to a serious medical need. Assuming, without deciding, that Plaintiff has alleged facts sufficient to show that his hernia is a serious medical need, he has not alleged that Defendant Kendal was deliberately indifferent to it. The only symptom caused by the hernia that Plaintiff identifies in his pleadings is pain, and he acknowledges that Defendant Kendal prescribed him pain medication to treat this symptom. ECF No. 1 at 6. Although Plaintiff alleges that his hernia requires surgical treatment, he does not state that Defendant Kendal or any other medical professional has told him that surgery must be performed on an emergent basis or is even necessary.

8

Plaintiff has thus failed to allege that Defendant Kendal was deliberately indifferent to his hernia or the pain associated with it, and these claims should be dismissed without prejudice.

Plaintiff also contends Defendant Kendal refused to provide him adequate treatment for his food allergies.   ECF No. 1 at 7.   "Courts have recognized two situations in which food allergies may constitute a serious medical need."   *Vartinelli v. Aramark Corr. Servs., LLC*, Case No. 18-cv-10964, 2019 WL 1402653, at *6 (S.D. Mich. Mar. 28, 2019) (quoting *Balcar v. Smith*, No. 16-cv-428, 2017 WL 380931, at *3 (W.D. Ky. Jan. 26, 2017), *aff'd* No. 17-5159, 2017 WL 3613479 (6th Cir. July 17, 2017).   "The first is if the diet being served to an inmate poses a sufficiently serious injury or medical consequence to the inmate's health."   *Id*.   The second is where the food allergies "prevent an inmate from receiving a nutritionally adequate diet."   *Id.*   Plaintiff's allegations that he has lost a significant amount of weight over a reasonably short period suggest he may not be receiving a nutritionally adequate diet, and he alleges that he advised Defendant Kendal of his condition, but Defendant Kendal did not provide any care.   ECF No. 1 at 6 ("Dr. Kendal denied me something for my diet because I'm elergic [sic] to grits, milk, corn, and I'm still suffering from weight loss.").   At this early stage, the Court cannot say that these claims are entirely frivolous.   His Eighth Amendment claims against Defendant Kendal shall therefore proceed for further factual development.[2]

---

[2] Plaintiff briefly mentions that he had an asthma attack on October 14, 2025, but he states that Defendant Kendal started him on medication for asthma on October 15, 2025.   ECF No. 1 at 6.   Thus, Plaintiff has not alleged any facts showing that Defendant Kendal was deliberately indifferent to any serious medical needs posed by Plaintiff's asthma.

### 2. Claims against Defendants Bostick, "O," and Sandiego

Plaintiff also contends that Defendants Bostick, "O," and Sandiego did not release him from his cell during pill call; as a result, Plaintiff did not receive his medication on four occasions. *See, e.g.,* ECF No. 5 at 4-6. These allegations fail to state an actionable claim. Given that a physician likely prescribed him the medication, the Court will assume that Plaintiff suffers from a serious medical need that the medication was intended to treat. Plaintiff, however, has not pleaded facts sufficient to show that each of these three Defendants was actually and subjectively aware that his or her own actions or omissions—i.e., neglecting to provide Plaintiff with medication on one or two occasions—caused a substantial risk of serious harm to Plaintiff. *See, e.g., Zentmyer v. Kendall Cnty., Ill.*, 220 F.3d 805, 812 (7th Cir. 2000) (holding that "deliberate indifference is an onerous standard for the plaintiff, and forgetting doses of medicine, however incompetent, is not enough to meet it here"); *see also Wade v. McDade*, No. 21-14275, 2024 WL 5200546, at *6 (11th Cir. Dec. 23, 2024) (holding that corrections officer lacked subjective knowledge of substantial risk of serious harm to epileptic inmate who did not receive medication for four days and had multiple seizures because officer "didn't know that missing medication for just a few days could *produce* that risk"). These claims must be dismissed without prejudice.

#### B. Remaining Claims

Plaintiff also alleges that Defendants Morton, Sammons, Childers, Smith, Talton, and Motten wrongfully arrested and falsely imprisoned him. But a plaintiff may set forth only related claims in a single lawsuit. A plaintiff may not join unrelated claims and

10

various defendants in his complaint unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences *and* if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20 (emphasis added). "[A] claim arises out of the same transaction or occurrence if there is a logical relationship between the claims." *Construction Aggregates, Ltd. v. Forest Commodities Corp.,* 147 F.3d 1334, 1337 n.6 (11th Cir. 1998). This is particularly important in this case, where Plaintiff is a prisoner and therefore subject to paying the required filing fees in installments. *See, e.g., George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (holding that "[u]nrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that prisoners pay the required filing fees").

Plaintiff has failed to show how his claims regarding his medical treatment are sufficiently related to his remaining claims to satisfy the requirements of Rule 20. These claims are pending against entirely different Defendants and involve different elements of proof. *Skillern v. Ga. Dep't of Corr. Comm'r*, 379 F. App'x 859, 859 (11th Cir. 2010) (observing that plaintiff failed to "show that the claims against the defendants arose out of the same transaction, occurrence, or series or transactions or occurrences" for purposes of Rule 20 because "[t]he actions of the defendants . . . appear to be separate incidents, ranging from feeding [plaintiff] inedible food to leaving him in isolation to not giving him proper medical care to improperly convicting him of a crime, occurring on different dates"). As such, and because the statute of limitations would not appear to bar Plaintiff from refiling these claims if he acts promptly to do so, these claims should be dismissed without

11

prejudice.   *See* Fed. R. Civ. P. 21; *see also DirecTV, Inc. v. Leto*, 467 F.3d 842, 844-45 (3d Cir. 2006) (holding that "district judges have discretion to remedy misjoinders either by severing claims or dismissing them without prejudice").

## MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiff also filed a motion for a "protection order" or temporary restraining order ("TRO") (ECF No. 4).   In his motion, Plaintiff contends that all Defendants have conspired together to violate his constitutional rights, and he reiterates his contention that Defendants failed to provide him with his medication.   ECF No. 4 at 1-2.   Plaintiff thus states that he is "in fear of [his] life" and requests to be moved to another facility.   *Id.* at 2.

A TRO or preliminary injunction is a drastic remedy used primarily to preserve the status quo rather than grant most or all of the substantive relief sought in the complaint. *See, e.g., Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983); *Fernandez-Roque v. Smith*, 671 F.2d 426, 429 (11th Cir. 1982).[3]   Factors a movant must show to be entitled to a TRO include:   "(1) a substantial likelihood of ultimate success on the merits; (2) the TRO is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the TRO would inflict on the non-movant; and (4) the TRO would serve the public interest."   *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995) (per curiam).

Plaintiff does not clearly address these factors in his motion, and at this juncture the

---

[3] The standard for obtaining a TRO is the same as the standard for obtaining a preliminary injunction.   *See Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001); *Windsor v. United States*, 379 F. App'x 912, 916-17 (11th Cir. 2010).

facts have not been sufficiently developed to conclude that there is a substantial likelihood that Plaintiff will ultimately prevail on the merits. Furthermore, the Defendants have not been served or had a meaningful opportunity to respond to Plaintiff's allegations. Fed. R. Civ. P. 65(a)(1). Defendants should be afforded an opportunity to respond to Plaintiff's allegations, and any claims for injunctive relief can be addressed as this case proceeds. Accordingly, Plaintiff's claims for preliminary injunctive relief or a temporary restraining order should be denied.

## CONCLUSION

Based on the foregoing, Plaintiff's motions for leave to proceed *in forma pauperis* (ECF Nos. 2, 6) are **GRANTED**, and his claims in the original Complaint (ECF No. 1) against Defendant Kendal regarding his food allergies must proceed for further factual development. It is **RECOMMENDED**, however, that Plaintiff's remaining claims be **DISMISSED without prejudice** and that his motion for a protective order or TRO (ECF No. 4) be **DENIED.**

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable C. Ashley Royal, Senior United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. Any objection is limited in length to **TWENTY (20) PAGES**. *See* M.D. Ga. L.R. 7.4. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the

right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

Having found that Plaintiff has made colorable constitutional violation claims against Defendant Kendal, it is accordingly **ORDERED** that service be made on that Defendant and that he file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Each Defendant is reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendant is similarly advised that he is expected to diligently defend all allegations made against him and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.  A party need not serve the opposing party by mail if the opposing party is represented by counsel.  In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court.  If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff.  The Defendant shall not commence discovery until such time as an answer or dispositive motion has been filed.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure.  The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.  **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

15

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court.  This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court.   No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.   The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:   except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.   No party shall be required to respond to any such requests which exceed these limitations.

**IT IS FURTHER ORDERED** that Defendant comply with the attached "Required Disclosure of the Existence of Video or Photographic Evidence When Plaintiff Files Suit Against One or More Georgia Department of Corrections Employees Relating to Events

16

That Occurred During Plaintiff's Incarceration within the Georgia Department of Corrections."

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities.   Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED AND RECOMMENDED**, this 20th day of February, 2026.


s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

17

**REQUIRED DISCLOSURE OF THE EXISTENCE OF VIDEO OR PHOTOGRAPHIC EVIDENCE WHEN PLAINTIFF FILES SUIT AGAINST ONE OR MORE GEORGIA DEPARTMENT OF CORRECTIONS EMPLOYEES RELATING TO EVENTS THAT OCCURRED DURING PLAINTIFF'S INCARCERATION WITHIN THE GEORGIA DEPARTMENT OF CORRECTIONS**

Counsel for the Defendants shall confer with the Defendants and with appropriate Georgia Department of Corrections ("GDC") staff, and no later than 30 days from the date of entry of this Required Disclosure file the following disclosures:

(1)     State whether, at the time of the incident alleged in the complaint, the facility had stationary or mounted cameras in the area where that incident allegedly occurred.

(2)     If so, state whether those cameras recorded the events alleged by Plaintiff, whether those recordings have been preserved, and the identity of the custodian of the recordings.   If the recordings have not been preserved, explain in detail why.

(3)     State whether body-worn or handheld cameras recorded the events alleged by Plaintiff, whether those recordings have been preserved, and identify the custodian of the recordings.   If the recordings have not been preserved, explain in detail why.

(4)     If Plaintiff complains of a use of force (either anticipated, spontaneous, or unanticipated) as that term is defined in the GDC Standard Operating Procedure, Use of Video Recording Equipment, Policy No. 204.11, and the GDC Standard Operating Procedure, Use of Force and Restraint for Offender Control, Policy No. 209.04, identify the custodian of any recordings of the events alleged.   If there are no available recordings, explain in detail why the events were not recorded or, if recorded but no longer available, why the recordings were not preserved.

(5)     Identify all GDC employees contacted to gather the information required by this disclosure.

Counsel is directed to preserve all video recordings and any photographs that may have captured the events giving rise to the complaint.   Failure to do so may result in the imposition of sanctions.

18