**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **CLAUDE JORDAN,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Case No. 5:25-cv-000488-CAR-CHW** |
| | : | |
| **Sheriff MOTTEN,** *et al.*, | : | **Proceedings Under 42 U.S.C. § 1983** |
| | : | **Before the U.S. Magistrate Judge** |
| **Defendants.** | : | |
| | : | |

## <u>ORDER</u>

Plaintiff Claude Jordan, an inmate presently confined at Houston County Detention Center, filed a *pro se* civil rights complaint asserting claims under 42 U.S.C. § 1983. (Doc. 1). Consistent with the Court's order and recommendation, (Doc. 7), the clerk attempted to serve Defendant Doctor Kendal at Houston County Detention Center. (Docs. 8, 9). The mailed process receipt and return for Defendant Kendal was returned unexecuted. (Doc. 10). On June 2, 2026, a deputy U.S. Marshal attempted to personally serve Defendant Kendal at the detention center, but a nurse stated that "there is not a Dr. Kendal that works at the jail." (Docs. 14, 15).

Because Plaintiff is proceeding *in forma pauperis*, he is entitled to rely on the Court to effect service. "*In forma pauperis* litigants should be entitled to rely on the court officers and United States Marshals to effect proper service, and should not be penalized for failure to effect service where such failure is not due to fault on the litigant's part." *Fowler v. Jones*, 899 F.2d 1088, 1095 (11th Cir. 1990). Even so, *in forma pauperis* litigants may not remain silent and do nothing to help effectuate service of process. *Id*. At a minimum, an *in forma pauperis* litigant should request service upon the appropriate defendants and attempt to remedy any apparent service defects of which he has knowledge. *Id*.

1

Accordingly, Plaintiff is hereby **NOTIFIED** that the Court received an unexecuted process receipt and return for Defendant Kendal on May 7, 2026 (Doc. 10), and the attempt to personally serve Defendant Kendal was also unsuccessful as noted above. (Docs. 14, 15).

If Plaintiff wishes to pursue his claims against Defendant Kendal, then, within 21 days of this order, Plaintiff is **DIRECTED** to remedy the apparent service defect concerning Defendant Kendal by providing the Court with additional information regarding Defendant Kendal's identity, including but not limited to a corrected last name, first name, current places of employment, or other identifying traits, so that the Court may continue its efforts to perfect service on Plaintiff's behalf.

Plaintiff is **ADVISED** that failure to file a written response to this Order on or before the deadline set by this order will result in a recommendation of dismissal under Rule 41(b) of the Federal Rules of Civil Procedure.

**SO ORDERED**, this 9th day of June, 2026.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

2